UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK DWYER,

                              Plaintiff,

              -against-

ABB OPTICAL GROUP; ABB CONCISE
OPTICAL GROUP LLC,

                              Defendants.

1:21-CV-10822 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Patrick Dwyer filed this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination Employment Act of 1967. He alleges that the defendants discriminated against him because of his race and color, and retaliated against him, while he was employed at Defendant ABB Optical Group's location in Hawthorne, Westchester County, New York. By order dated January 18, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: Between April 2018 and December 16, 2020, Plaintiff was employed at Defendant ABB Optical Group's location in Hawthorne, New York, where he washed optical lenses. During his employment there, he was falsely accused of "mess[ing] up the lens[es]." (ECF 2, at 9.) He was also injured while working when a lens "st[u]ck [him] on [his] finger." (*Id.*)

On an unspecified date, Plaintiff noticed that a new hire named "Carlos" kept putting an unknown substance in the washing water while distracting other employees. Once Carlos realized that Plaintiff had seen what he was doing, Carlos began to follow Plaintiff.

Plaintiff reported all of these events to his supervisor. He also participated in an employer program in which employees were given cash bonuses for recommending new hires. Plaintiff alleges that his employer failed to pay him at least some of the bonuses that he was owed. He asserts that he was fired without explanation on or about December 16, 2020.

## DISCUSSION

Title VII of the Civil Rights of 1964 ("Title VII") prohibits an employer from discriminating against an employee because of the employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. §2000e-2(a). 42 U.S.C. § 1981 prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics."[1] *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987). The Age Discrimination in Employment Act of 1967 ("ADEA") "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F. 3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)).

---

[1] Section 1981 "sets forth a remedy for employment discrimination that is independent of Title VII . . . ." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). "Specifically, Section 1981 provides that '[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens.'" *Id.* (quoting 42 U.S.C. § 1981(a)). "Subsection (c) [of Section 1981] explicitly applies . . . to private discrimination and subsection (b) [of that statute] explicitly asserts that the term '"make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.'" *Id.* at 301 (quoting § 1981(b)). The protections of Section 1981 cover all contracts, including employment agreements. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994).

### A.    Proper defendants

Plaintiff names two defendants: (1) ABB Optical Group, and (2) ABB Concise Optical Group LLC. It is unclear, however, which defendant Plaintiff claims actually discriminated or retaliated against him. "[T]he only proper defendant in a Title VII claim is the plaintiff's employer." *Chibuzor v. Corwin*, No. 20-CV-9643, 2020 WL 6905304, at *2 (S.D.N.Y. Nov. 23, 2020) (internal quotation marks and citation omitted); *e.g.*, *Farmer v. Fzoad.com Enters. Inc.*, No. 17-CV-9300, 2020 WL 6530787, at *6 (S.D.N.Y. Aug. 5, 2020), *report & recommendation adopted*, 2020 WL 5569581 (S.D.N.Y. Sept. 17, 2020). Courts have held that the same is true with respect to claims under the ADEA. *See, e.g.*, *Farmer*, 2020 WL 6530787, at *6; *Rodriguez. v. Batista*, No. 19-CV-9206, 2020 WL 635661, at *2 (S.D.N.Y. Feb. 11, 2020) (citing cases). Individuals and other entities may be held liable for employment discrimination that is prohibited by Section 1981, *see Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226, 229 (2d Cir. 2004), but individuals cannot be held liable under Title VII or the ADEA, *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) (Title VII); *Farmer*, 2020 WL 6530787, at *6.

Because it is unclear which defendant allegedly discriminated or retaliated against Plaintiff, the Court grants Plaintiff leave to file an amended complaint in which he names the proper defendant or defendants for his claims. If Plaintiff asserts claims under Title VII or the ADEA in his amended complaint, he must name his employer as a defendant. If he asserts claims under Section 1981, he may name his employer and/or any individuals who discriminated or retaliated against him as defendants.

### B.    Claims of discrimination under Title VII, Section 1981, and the ADEA

To state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead*

*Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts

that directly show discrimination or facts that indirectly show discrimination by giving rise to a

plausible inference of discrimination." *Id.* at 87.

To state a claim of discrimination under Section 1981, a plaintiff must allege facts

showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent

to discriminate on the basis of race; and (3) discrimination concerning one of the statute's

enumerated activities." *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 2000). "[A]

plaintiff must . . . plead . . . that, but for race, [he] would not have suffered the loss of a legally

protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009,

1019 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient

to merely plead that race was a motivating factor in the discriminatory action." *Brown v.

Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021)

(citing *Comcast Corp.*, 140 S. Ct. at 1017-18). Likewise, for a claim under the ADEA, a plaintiff

must allege that his age was the but-for cause of the employer's adverse employment action. *See

Vega*, 801 F.3d at 86 (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

Plaintiff alleges no facts showing that he was discriminated against because of his race,

color, age, or because of any other protected characteristic. The Court grants Plaintiff leave to

file an amended complaint to allege facts to state a claim of discrimination under Title VII,

Section 1981, or the ADEA.

## C.    Claims of retaliation under Title VII, Section 1981, and the ADEA

Under Title VII's antiretaliation provision:

[i]t shall be an unlawful employment practice for an employer to discriminate
against any of [its] employees or applicants for employment . . . because [the
employee or applicant] has opposed any practice made an unlawful employment
practice by [Title VII], or because he has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C. § 2000e-3(a). The ADEA has a very similar antiretaliation provision. *See* 29 U.S.C.

§ 623(d). Section 1981 also "encompasses claims of retaliation." *CBOCS West, Inc. v.*

*Humphries*, 553 U.S. 442, 457 (2008).

   To state a claim of retaliation under Title VII, a plaintiff must allege facts showing

"(1) [the] defendant[] discriminated – or took an adverse employment action – against him,

(2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting

§ 2000e-3(a)). "[F]or an adverse retaliatory action to be 'because' a plaintiff [opposed an

unlawful employment practice], the plaintiff must plausibly allege that the retaliation was a 'but-

for' cause of the employer's adverse action. It is not enough that retaliation was a 'substantial' or

"motivating' factor in the employer's decision." *Id.* at 90-91 (internal quotation marks and

citations omitted). The pleading requirements are the same for a claim of retaliation under the

ADEA or Section 1981. *See, e.g.*, *Kopchik v. Town of Fishkill, N.Y.*, 759 F. App'x 31, 34-35 (2d

Cir. 2018) (summary order) (quoting *Vega*, 801 F.3d at 90-91) (ADEA); *Mohan v. City of New*

*York*, No. 17-CV-3820, 2018 WL 3711821, at *9 (S.D.N.Y. Aug. 3, 2018) (Section 1981).

   Plaintiff alleges no facts showing that he was retaliated against for opposing an unlawful

employment practice. The Court grants Plaintiff leave to file an amended complaint to state a

claim of retaliation under Title VII, Section 1981, or the ADEA.

## LEAVE TO AMEND

   Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "'should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Title VII, Section 1981, or the ADEA, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:21-CV-10822 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    January 31, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge