UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK A. DWYER,

            Plaintiff,

    -against-

ABB OPTICAL GROUP; ABB CONCISE OPTICAL GROUP LLC,

            Defendants.

1:21-CV-10822 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated January 31, 2022, the Court granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), 60 days' leave to file an amended complaint. On March 14, 2022, Plaintiff filed an amended complaint in which he asserts claims of employment discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against the defendants, ABB Optical Group and ABB Concise Optical Group LLC. Plaintiff seeks damages.

    For the reasons set forth below, the Court dismisses this action for failure to state a claim on which relief may be granted.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

A.   **The Court's January 31, 2022, order**

In the Court's January 31, 2022, order, the Court granted Plaintiff leave to amend his complaint to name the proper defendant or defendants for his claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and 42 U.S.C. § 1981, because it was unclear from Plaintiff's original complaint which defendant allegedly discriminated or retaliated against him. (ECF 4, at 4.) The Court also granted Plaintiff leave to amend his complaint to allege facts to state a claim of discrimination

under any of those statutes, as Plaintiff had not alleged any facts in his original complaint showing that he was discriminated against because of his race, color, age, or any other protected characteristic. (*Id.* at 4-5.) The Court further granted Plaintiff leave to amend his complaint to state a claim of retaliation under any of those statutes, as Plaintiff had not alleged any facts in his original complaint showing that he was retaliated against for opposing an unlawful employment practice. (*Id.* at 5-6.)

B.   **Plaintiff's amended complaint**

On March 14, 2022, Plaintiff filed an amended complaint in which he names as defendants both of the defendants that he named in his original complaint, ABB Optical Group and ABB Concise Optical Group LLC. He asserts claims of race discrimination under Title VII and Section 1981, and he checks the boxes on his amended complaint form indicating that he alleges that the defendants harassed him or created a hostile work environment, as well as terminated his employment. (ECF 5, at 5.) In the "facts" portion of the amended complaint, Plaintiff asserts that he "made several reports to Robert Renta about the discrimination and harassment. They failed to take action to protect [Plaintiff's] rights. Eventually they terminated [his] employment." (*Id.*)

Plaintiff seeks the following relief: "The money for referring the 2 people at $750/person. The [b]onus for working 6 consecutive weekends $750. Compensation for hurting [his] finger on the job and discrimination against [him] both physically and emotionally." (*Id.* at 6.)

## DISCUSSION

In his amended complaint, Plaintiff asserts claims of race discrimination under Title VII and Section 1981,[1] and he names both of the same defendants that he named in his original complaint. Plaintiff does not specify, for the purpose of his claims under Title VII, however, which of the defendants was his employer. He also does not allege any facts showing, for the purpose of stating a claim of discrimination under Title VII or Section 1981, how he was discriminated against because of his race or any other protected characteristic. Accordingly, the Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 18, 2022
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] It appears that Plaintiff has abandoned all of his claims under the ADEA, and his claims of retaliation under Title VII and Section 1981.